# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**JANE DOE**,

    Plaintiff,

v.                                                                                            2:25-cv-69-JES-NPM

**INFLECTION RISK SOLUTIONS, LLC**,

    Defendant.

---

## ORDER

Jane Doe brings this suit under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, against defendant Inflection Risk Solutions, LLC. Doe alleges that her criminal records were automatically expunged over two years ago under Michigan's Clean Slate law, MCL § 780.621 *et seq*. Nevertheless, Inflection Risk Solutions published her criminal records in a consumer report to Airbnb. As a result, Doe's Airbnb account was removed, and she was prevented from booking necessary accommodations for family travel related to competitive barrel racing—a primary source of income. Because this action will necessarily include a discussion of Doe's expunged criminal records, she moves for leave to proceed in pseudonym for pretrial public filings (Doc. 9). For the reasons discussed below, the court grants the motion.

Generally, every pleading must name the parties. *See* Fed. R. Civ. P. 10(a). But a party "may proceed anonymously by establishing a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of

openness in judicial proceedings." *Doe v. Neverson*, 820 F. App'x 984, 986 (11th Cir. 2020) (citations omitted). The court considers various factors under the totality of the circumstances in determining whether privacy outweighs openness in a particular case. Those factors include "whether the party seeking anonymity '(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution.'" *Id.* (quoting *In re Chiquita Brands Int'l Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020)). And courts have also considered "'whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant.'" *Id.* at 986-87 (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011)). At bottom, a party may proceed anonymously "only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Redacted v. Redacted*, No. 24-11404, 2024 U.S. App. LEXIS 17305, *1 (11th Cir. July 15, 2024) (citing *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

Here, "the injury litigated against—the disclosure of [Doe's] expunged criminal record—would be incurred as a result of the disclosure of [Doe's] identity

in the litigation." *Doe v. Priority Background Sols., Inc.*, No. 24-cv-337-JFH-SH, 2024 WL 4564534, *2 (N.D. Okla. Oct. 24, 2024) (finding plaintiff could proceed under a pseudonym to pursue a claim under the FCRA after his expunged criminal record was provided to a prospective employer in a background check). Further, Doe's anonymity in pretrial public filings does not pose a unique threat of fundamental unfairness to Inflection Risk Solutions. To be sure, Doe acknowledges that a protective order will allow her to disclose her identity to Inflection Risk Solutions while otherwise keeping her identity confidential. So the parties may refer to Jane Doe by her pseudonym. Jane Doe's pseudonym status is for pretrial public filings only, not discovery (on that score, the parties are encouraged to reach a protective agreement without court involvement, *see* Civil Action Order, Doc. 11 at 4-5).

Accordingly, Doe's motion to proceed in pseudonym (Doc. 9) is **GRANTED**. Doe shall promptly provide a copy of this order to Inflection Risk Solutions, LLC, and defendant may contact plaintiff counsel to obtain Doe's identity, to which plaintiff counsel must respond.

**ORDERED** on March 7, 2025.

_____
NICHOLAS P. MIZELL
United States Magistrate Judge